LUTCHER & MOORE LUMBER CO. et al. v. KNIGHT et al. (Circuit Court of Appeals, Fifth Circuit. April 9, 1912.) No. 2,307. In Error to the Circuit Court of the United States for the Western District of Louisiana. Action at law by W. H. Knight and others against the Lutcher & Moore Lumber Company and others. Judgment for plaintiffs, and defendants bring error. Affirmed. See, also, 183 Fed. 1022, 105 C. C. A. 663. A. P. Pujo, C. D. Moss, and Geo. E. Holland (Pujo, Moss & Williamson, and Holland & Holland, on the brief), for plaintiffs in error. A. J. Murff and M. J. Cunningham (W. T. Cunningham, on the brief), for defendants in error. Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The judgments rendered in the Fourteenth judicial district court for the state of Louisiana, in and for the parish of Vernon, on November 8, 1883, in the cases of McIlhenny Co. v. D. R. Knight et al., and W. J. Knight, intervener, and of Albert S. Jamison v. D. R. Knight et al., and W. J. Knight, intervener, wherein it was adjudged that the act of sale of July 28, 1882, being the conveyance from Daniel R. Knight and John A. Lovett on the one part to William J. Knight on the other part, of the real estate involved in this suit, was a real sale and not a simulation, constitute and should have the force of res judicata, and be conclusive and binding upon all parties and their privies. It follows that the Lutcher & Moore Lumber Company, claiming title to the lands in controversy under and through Daniel R. Knight and John A. Lovett and William J. Knight, is estopped from attacking the said act of sale and deed in question as a simulation. It also follows that, if there is error under the pleadings and heretofore opinions of the Supreme Court and this court in the rejection of evidence, as charged in the first, second, and third assignments of error, it was not reversible error, being at most error without prejudice. The other assignments of error in this case, complaining of the refusal of the trial judge to permit the defendants to file a third amended answer and his refusal to give certain charges to the jury as requested, are not well taken. Not finding reversible error in the record, the judgment of the Circuit Court is affirmed.

---

MILLER v. CARLTON. (Circuit Court of Appeals, Fifth Circuit. April 9, 1912.) No. 2,247. Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Mississippi. Charles P. Long and Joseph Loeb, for petitioner. George J. Leftwich and Leftwich & Tubb, for respondent. Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The theory upon which this cause was heard by the referee, and the order by him passed and confirmed by the judge, in which the petitioner was ordered, upon pain of imprisonment for contempt, to surrender a stock of goods, or, in the alternative, to pay the value of the same, within 20 days from the date of the order, were in direct conflict with the views of this court as expressed in Samel v. Dodd, 142 Fed. 68, 73 C. C. A. 254; and therefore, upon the authority of that case, the order should be, and it is hereby, reversed, and the cause is remanded for further proceedings.